IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HIIREEN A. JONES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:19-CV-1860-L** |
| § | |
| FACEBOOK, INC, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Facebook, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 5) ("Motion"), filed August 9, 2019. Upon careful consideration of the Motion, pleadings, record, and applicable law, the court **grants** Facebook's Motion to Dismiss (Doc. 5) and **dismisses with prejudice** this action.

**I.    Background**

On June 18, 2019, Plaintiff Hiireen A. Jones ("Plaintiff") filed this action against Facebook in Dallas County Court of Law No. 1, alleging that a "Remote Neural Monitoring device" was implanted in Plaintiff's body. Pl.'s Original Pet. ¶ 4. Plaintiff further alleges that "[t]here is a 3rd party connection with the company Facebook." *Id.* Additionally, Plaintiff asserts that the implantation of this device is a "form of slavery and terrorism," which is a violation of Plaintiff's constitutional rights. Plaintiff seeks $1,000,000,000 in damages. On August 5, 2019, Facebook removed this action to federal court based on diversity of citizenship[*] and federal question

---

[*] Facebook asserts that Plaintiff identified in Plaintiff's Original Petition its residence in Dallas County, Texas. The court determines this is insufficient to establish that Plaintiff is domiciled in Texas. The court, however, determines that it has federal question jurisdiction, as Plaintiff alleges, although conclusory, that Plaintiff has suffered a "loss of Constitutional Rights and Freedom of [I]ndividuality." Doc. 1-3, at ¶ 7.

**Memorandum Opinion and Order – Page 1**

jurisdiction. On August 9, 2019, Facebook filed its Motion to Dismiss, asserting that Plaintiff has failed to state a claim upon which relief can be granted.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v.*

*Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief

can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Analysis

Facebook contends that Plaintiff's claims should be dismissed as Plaintiff does not identify any state of federal law that applies or assert any particular cause of action. Additionally, Plaintiff does not identify any wrongful act by Facebook and only makes conclusory statements regarding any alleged constitutional violations without any supporting allegations. Facebook also asserts that any constitutional claims against it should be dismissed with prejudice, as it is not a state actor. The court agrees.

Plaintiff has not asserted any allegations that Facebook, as a private company, has committed any wrongdoing under the color of law, or that it conspired with a state actor to commit any deprivation of constitutional rights. *See Lincoln v. Brown & Williams*, 180 F.3d 261, at *1 (5th Cir. 1999) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)). The court, therefore, concludes that Plaintiff not only failed to sufficiently plead allegations supporting a plausible claim, but Plaintiff also failed to raise *any* plausible claim for recovery against Facebook.

Additionally, Plaintiff did not file a response to Facebook's Motion to Dismiss. As Plaintiff presented no argument in defense of the claims asserted in the Original Petition, the court concludes that Plaintiff has abandoned the claims for violations of Plaintiff's Constitutional Rights and Freedom of Individuality. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding Plaintiff abandoned or waived her retaliatory abandonment claim when she

failed to defend her claim in response to a motion to dismiss). For these reasons, the court will grant Facebook's Motion to Dismiss as it relates to all claims asserted by Plaintiff.

The court also determines that giving Plaintiff an opportunity to amend would be futile. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). As Plaintiff cannot plead sufficient allegations to support his assertion that a "Remote Neural Monitoring device" has been implanted in Plaintiff's body, the court concludes that allowing leave to amend would be futile and would unnecessarily delay the resolution of this action. Accordingly, the court will not allow Plaintiff an opportunity to file amended pleadings.

## IV. Conclusion

For the reasons herein stated, the court **grants** Facebook's Motion to Dismiss (Doc. 5) and **dismisses with prejudice** all claims asserted by Plaintiff in the Original Petition pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The court will enter judgment in accordance with its decision set forth in this opinion by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 5th day of November, 2019.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge